B1040 (FORM 1040) (12/15)

|  |  |
|---|---|
| **ADVERSARY PROCEEDING COVER SHEET** (Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER** (Court Use Only) |

RECEIVED AND FILED
2018 MAY 7 AM 11 23
U.S. BANKRUPTCY COURT
MARY A. SCHOTT, CLERK
ARV

| **PLAINTIFFS** Adam K Peterson | **DEFENDANTS** Sarah Lynn Piper |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) Pro Se 3517 Perching Bird Ln NLV, NV 89084 | **ATTORNEYS** (If Known) Seth D Ballstaedt #210 9555 S Eastern Ave LV, NV 89123 (702) 715-0000 |
| **PARTY** (Check One Box Only) ☐ Debtor  ☐ U.S. Trustee/Bankruptcy Admin ☒ Creditor  ☐ Other ☐ Trustee | **PARTY** (Check One Box Only) ☒ Debtor  ☐ U.S. Trustee/Bankruptcy Admin ☐ Creditor  ☐ Other ☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Dischargeability of debt is not permissible due to willful & malicious injury under 11 U.S.C. §523(a)(6).

### NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
2 ☒ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
1 ☒ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 10,235 as awarded in case 17A00755 |
| Other Relief Sought | |

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>SARAH LYNN PIPER | BANKRUPTCY CASE NO.<br>18-10115-MKN | | |
| DISTRICT IN WHICH CASE IS PENDING<br>NEVADA | DIVISION OFFICE<br>LAS VEGAS | NAME OF JUDGE<br>NAKAMURA | |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | | |
| PLAINTIFF<br>~~ADAM K PETERSON~~ AKP | DEFENDANT | ADVERSARY PROCEEDING NO. | |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE | |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | | |
| DATE<br>May 7, 2018 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>AKP, Pro Se | | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

**Debtor: SARAH LYNN PIPER**
**Social Security Number: \*\*\*-\*\*-5738**
**Case Number: 18-10115-MKN**
**United States Bankruptcy Court**
**District of Nevada**
**Date Filed: Chapter 7 - January 11, 2018**
**Creditor: ADAM K PETERSON**

RECEIVED
AND FILED

2018 MAY 7 AM 11 27

U.S. BANKRUPTCY COURT
MARY A. SCHOTT, CLERK

## Objection to Discharge

This complaint serves as a formal objection by ADAM K PETERSON ("Creditor") to the discharge of debt held by SARAH LYNN PIPER ("Debtor") related to Case No. 18-10115-MKN. As grounds, Creditor asserts that Debtor is not entitled to receive a discharge of the debt pursuant to 11 U.S.C. § 523(a)(6), which states:

*A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt for willful and malicious injury by the debtor by the debtor to another entity or to the property of another entity.*

The nature of the debt owed to Creditor by Debtor is a judgment entered against Debtor in Las Vegas Justice Court in Case No. 17A002755 by Judicial Officer, Adam M Vander Hayden on December 7, 2017. The judgment entered against Debtor by Judge Vander Hayden in favor of Creditor included restitution and court costs in the amount of $10,235.00.

### Overview

Debtor rented a condominium from Creditor for a period of time and vacated said condominium in a condition that was uninhabitable and in which remodel and repair was required. The expense of remodel and repair of the unit put the creditor in significant debt. Debtor was living in conditions in violation of Las Vegas Code of Ordinances §§7.04.080 and 7.04.010. The violation of Las Vegas Code of Ordinances was unknown to Creditor. Debtor had an overabundance of animals living in the unit and received multiple City of Henderson Animal Control complaints filed against her while residing in the unit. The Animal Control complaints were gathered after the tenant vacated the property and the creditor discovered the condition of the unit. In one report, Debtor, according to Animal Control Officer Harney had 25 cats and two dogs in the unit. Officer Harney noted the condition of the animals as malnourished, with runny eyes and diarrhea on their tails. Officer Harney also noted the poor condition of the unit and flooring due to the cats clawing at, ripping and staining the unit. In pursuing the judgment against Creditor for the damages to the unit, Creditor submitted over 150 photos showing feces on the wall, behind appliances, and in closets. The photographs also demonstrated flooring, subflooring, and doors soaked by cat urine, walls with various stains reaching heights of five to six feet from the floor, and other various damages to the unit. Debtor filed bankruptcy at the time in which wage garnishments were to be started.

The actions of Debtor are evidence that this debt was a result of Debtor's willful and malicious injury to property of another entity as set forth in a) Animal Control Officer, Harney's report, and b) Judge Vander Hayden's judgment entered against Debtor in favor of Creditor in Case No. 17A002755, awarding damages and court costs to Creditor.

Satisfaction of conditions under 11 U.S.C. § 523(a)(6)

*Willful*

Non-dischargeability under Section 523(a)(6) is limited "to those situations in which the debtor possesses subjective intent to cause harm or knowledge that harm is substantially certain to result from his actions." *In re Su,* 290 F.3d 1140, 1145 (9th Cir. 2002)

Debtor possessed the knowledge that harm was substantially certain to result from her actions as she has worked in various animal rescues and hospitals which equipped her with a high-level knowledge regarding the proper care and living conditions required for animals. A reasonable individual would have the knowledge that harm was substantially certain to occur due to the number of animals living in the unit in neglected and malnourished condition. Based upon Debtor's actions of keeping 25 cats and two dogs in the unit without proper care, Debtor undoubtedly had knowledge that harm to the unit was substantially certain to occur and that the unit would be significantly damaged and require repair to make habitable under normal living conditions. Therefore, Debtors actions were willful as required by 11 U.S.C. § 523(a)(6).

*Malicious*

A "malicious injury" under 11 U.S.C. § 523(a)(6)) involves:

1. a wrongful act;
2. done intentionally;
3. which necessarily causes injury; and
4. is done without just cause or excuse.

"Maliciousness" may be implied from circumstances surrounding the debtor's conduct, even without proof that the debtor acted with spite, hatred or ill will toward the victim. *In re Ormsby,* 591 F.3d 1207 (9th Cir. 2010).

Debtor's wrongful acts are evidenced by the City of Henderson Animal Control complaints and citations received due to Debtor's actions. Debtor was acting intentionally as evidenced by the numerosity of Animal Control complaints. Debtor's intention to cause injury to the property is further supported by the fact that Debtor possessed 25 cats and two dogs while living and keeping the rented unit in unsanitary, poor, and inhumane conditions. Debtor has no just cause or excuse for acquiring and keeping 25 cats and two dogs in neglected and inhumane conditions, which caused substantial harm and injury to Creditor's property.

Therefore, in light of the foregoing, Creditor submits this complaint objecting to the discharge of debt owed by Debtor to Creditor in the amount of $10,235.00 pursuant to judgment entered on December 7, 2017 and in accordance with 11 U.S.C. § 523(a)(6).

Respectfully Submitted,

Adam K. Peterson

3517 Perching Bird Lane

North Las Vegas, NV 89084

702-742-2628

APLV@ProtonMail.com