```
Sarah Lynn Piper
350 Deauville Street
Las Vegas, Nevada 89106
Telephone: (702) 355-9095
E-Mail: DooneyChick@gmail.com
In Proper Person
```

RECEIVED AND FILED MRB

2018 AUG 31 PM 3 28

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re: | Case No. BK-S-18-10115-MKN |
| SARAH PIPER, | Chapter 7 |
| Debtor. | Adversary No. 18-01049-MKN |
| ADAM K. PETERSON, | **MOTION TO DISMISS ADVERSARY PROCEEDING WITH PREJUDICE** |
| Plaintiff, | |
| v. | |
| SARAH LYNN PIPER, | Hearing Date: October 3, 2018 |
| Defendant. | Hearing Time: 9:30 a.m. |

Sarah Lynn Piper ("Debtor" or "Defendant"), appearing In Proper Person for the limited purpose of filing this motion to dismiss, hereby files this Motion To Dismiss Adversary Proceeding With Prejudice ("Motion"). This Motion is made and based upon Fed.R.Bankr. P. 4007, 7004, and 7012, Fed.R.Civ. P. 4(m), the Declaration of Sarah Piper, the Points and Authorities set forth herein, and the pleadings and documents filed in this case.

As set forth in this Motion, the Defendant respectfully requests that this Court dismiss the adversary proceeding filed by the Plaintiff Adam K. Peterson ("Peterson" or "Plaintiff") with prejudice because: 1) the Plaintiff failed to timely file his Objection To Discharge [ECF No. 1] ("Complaint"); 2) the Plaintiff failed to timely serve the Summons issued by the Court on May 7, 2018 [ECF No. 3] ("Summons"); and 3) the Plaintiff failed to timely serve the Complaint on the Defendant.

## POINTS AND AUTHORITIES

### Facts

1. On or about January 11, 2018, the Defendant for relief under Chapter 7 of the

1. United States Bankruptcy Code.

2. Plaintiff was listed as a creditor on the Defendant's Voluntary Petition [ECF No. 1]. See Page 8 of the Voluntary Petition.

3. On or about January 14, 2018, a copy of the notice of Meeting Of Creditors And Notice Of Appointment Of Trustee [ECF No. 5] ("341 Notice") was mailed to the Plaintiff by the BNC. See ECF No. 10, BNC Certificate Of Mailing.

4. The 341 Notice provided notice of the deadline to file a complaint to object to discharge or to challenge whether certain debts are dischargeable under 11 U.S.C. § 727(a)(2) through (7) or 11 U.S.C. § 523(a)(2), (4), or (6) or file a motion if the assertion that the discharge should be denied under 11 U.S.C. § 727(a)(8) or (9). The deadline was set for April 9, 2018 ("Complaint Deadline").

5. On or about January 25, 2018, the Defendant filed amended schedules, including Schedule E/F, listing the Plaintiff as an unsecured creditor [ECF No. 14] ("Amended Schedules") See Page 15 of the Amended Schedules.

6. On May 7, 2018, at least 28 days after the Complaint Deadline, the Plaintiff filed a Complaint in this Adversary case.

7. On or about May 7, 2018, the Plaintiff caused the Clerk's office to issue a Summons. No certificate of service has been filed by the Plaintiff.

8. On or about August, 23, 2018, the Plaintiff mailed the Summons and Complaint to the Defendant. See Exhibit 1 to the Declaration of Sarah Piper.

## Memorandum of Law

**A.  Plaintiff Failed To Timely File His Objection To Discharge (§ 523(a)(6))**

11 U.S.C. § 523(a)(6) provides:

> (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—
> …
> (6) for willful and malicious injury by the debtor to another entity or to the property of another entity;

Causes of action under § 523(a)(6) must still be timely objected to pursuant to § 523(c). In

addition, Plaintiff has made allegations that Defendant caused willful and malicious injury to the Plaintiff or his property, however, he has failed to provide evidence of any such injury.

11 U.S.C. § 523(c) provides:

> (c)(1) Except as provided in subsection (a)(3)(B) of this section, the debtor shall be discharged from a debt of a kind specified in paragraph (2), (4), or (6) of subsection (a) of this section, unless, on request of the creditor to whom such debt is owed, and after notice and a hearing, the court determines such debt to be excepted from discharge under paragraph (2), (4), or (6), as the case may be, of subsection (a) of this section.

§ 523(c) provides that debts listed in (a)(2), (a)(4) or (a)(6) shall be discharged, unless, on request of the creditor to whom such debt is owed, and after notice and a hearing, the court determines such debt to be excepted from discharge. Therefore, § 523 requires creditors to take affirmative steps to obtain a denial of discharge of debts listed in § 523(a)(2), (a)(4) and (a)(6). The procedure for doing so is the filing of a timely complaint in the bankruptcy court. The Plaintiff has failed to file a timely complaint.

Fed.R.Bankr. P. 4007(c) provides:

> (c) Time for Filing Complaint Under §523(c) in a Chapter 7 Liquidation, Chapter 11 Reorganization, Chapter 12 Family Farmer's Debt Adjustment Case, or Chapter 13 Individual's Debt Adjustment Case; Notice of Time Fixed. Except as otherwise provided in subdivision (d), a complaint to determine the dischargeability of a debt under §523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under §341(a). The court shall give all creditors no less than 30 days' notice of the time so fixed in the manner provided in Rule 2002. On motion of a party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be filed before the time has expired.

Rule 4007 sets a 60-day deadline for filing a § 523(c) complaint, beginning on the date of the first meeting of creditors. The Complaint Deadline was April 9, 2018 and was set forth on the 341 Notice mailed to the Plaintiff by the BNC on January 14, 2018. See ECF Nos. 5 and 10. Plaintiff filed his Complaint on May 7, 2018, at least 28 days after the Complaint Deadline, despite being provided with timely notice of the Complaint Deadline as set forth on the 341 Notice. The Plaintiff did not file a motion to extend the time to file a complaint objection to the discharge.

///

B. **Plaintiff Was Properly Noticed Of Bankruptcy Filing, Did Not Properly Make Any Allegations In Complaint To Support His Coversheet Designation Of 11 U.S.C. § 727(c), (d), (e) As a Cause Of Action, And Complaint Was Not Timely Filed**

11 U.S.C. § 523(a)(3)(A) and (B) provide:

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—
 (3) neither listed nor scheduled under section 521(a)(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit—
(A) if such debt is not of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing; or
(B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dis-chargeability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request;

The debt owed to Plaintiff was properly listed on the Defendant's Voluntary Petition [ECF No. 1] and Amended Petition [ECF No. 14] and he received timely notice of the bankruptcy filing [ECF Nos. 5 and 10]. The Chapter 7 Trustee ("Trustee") filed her report of no distribution on February 7, 2018. Accordingly, the Trustee did not issue a Notice Of Assets or set a deadline to file a Proof of Claim. Therefore, the Plaintiff cannot seek relief under § 727(c), (d), or (e) because the debt was properly listed on the petitioner and he received timely notice and had actual knowledge of the bankruptcy filing.

11 U.S.C. § 727 provides:

(a) The court shall grant the debtor a discharge, unless—
(1) the debtor is not an individual;
(2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed—
(A) property of the debtor, within one year before the date of the filing of the petition; or
(B) property of the estate, after the date of the filing of the petition;
(3) the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case;
(4) the debtor knowingly and fraudulently, in or in connection with the case—

(A) made a false oath or account;
(B) presented or used a false claim;
(C) gave, offered, received, or attempted to obtain money, property, or advantage, or a promise of money, property, or advantage, for acting or forbearing to act; or
(D) withheld from an officer of the estate entitled to possession under this title, any recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs;
(5) the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities;
(6) the debtor has refused, in the case—
(A) to obey any lawful order of the court, other than an order to respond to a material question or to testify;
(B) on the ground of privilege against self-incrimination, to respond to a material question approved by the court or to testify, after the debtor has been granted immunity with respect to the matter concerning which such privilege was invoked; or
(C) on a ground other than the properly invoked privilege against self-incrimination, to respond to a material question approved by the court or to testify;
(7) the debtor has committed any act specified in paragraph (2), (3), (4), (5), or (6) of this subsection, on or within one year before the date of the filing of the petition, or during the case, in connection with another case, under this title or under the Bankruptcy Act, concerning an insider;
(8) the debtor has been granted a discharge under this section, under section 1141 of this title, or under section 14, 371, or 476 of the Bankruptcy Act, in a case commenced within 8 years before the date of the filing of the petition;
(9) the debtor has been granted a discharge under section 1228 or 1328 of this title, or under section 660 or 661 of the Bankruptcy Act, in a case commenced within six years before the date of the filing of the petition, unless payments under the plan in such case totaled at least—
(A) 100 percent of the allowed unsecured claims in such case; or
(B)(i) 70 percent of such claims; and
(ii) the plan was proposed by the debtor in good faith, and was the debtor's best effort;
(10) the court approves a written waiver of discharge executed by the debtor after the order for relief under this chapter;
(11) after filing the petition, the debtor failed to complete an instructional course concerning personal financial management described in section 111, except that this paragraph shall not apply with respect to a debtor who is a person described in section 109(h)(4) or who resides in a district for which the United States trustee (or the bankruptcy administrator, if any) determines that the approved instructional courses are not adequate to service the additional individuals who would otherwise be required to complete such instructional courses under this section (The United States trustee (or the bankruptcy administrator, if any) who makes a determination described in this paragraph shall review such determination not later than 1 year after the date of such determination, and not less frequently than annually thereafter.); or

(12) the court after notice and a hearing held not more than 10 days before the date of the entry of the order granting the discharge finds that there is reasonable cause to believe that—
(A) section 522(q)(1) may be applicable to the debtor; and
(B) there is pending any proceeding in which the debtor may be found guilty of a felony of the kind described in section 522(q)(1)(A) or liable for a debt of the kind described in section 522(q)(1)(B).
....

(c)(1) The trustee, a creditor, or the United States trustee may object to the granting of a discharge under subsection (a) of this section.
(2) On request of a party in interest, the court may order the trustee to examine the acts and conduct of the debtor to determine whether a ground exists for denial of discharge.
(d) On request of the trustee, a creditor, or the United States trustee, and after notice and a hearing, the court shall revoke a discharge granted under subsection (a) of this section if—
(1) such discharge was obtained through the fraud of the debtor, and the requesting party did not know of such fraud until after the granting of such discharge;
(2) the debtor acquired property that is property of the estate, or became entitled to acquire property that would be property of the estate, and knowingly and fraudulently failed to report the acquisition of or entitlement to such property, or to deliver or surrender such property to the trustee;
(3) the debtor committed an act specified in subsection (a)(6) of this section; or
(4) the debtor has failed to explain satisfactorily—
(A) a material misstatement in an audit referred to in section 586(f) of title 28; or
(B) a failure to make available for inspection all necessary accounts, papers, documents, financial records, files, and all other papers, things, or property belonging to the debtor that are requested for an audit referred to in section 586(f) of title 28.
(e) The trustee, a creditor, or the United States trustee may request a revocation of a discharge—
(1) under subsection (d)(1) of this section within one year after such discharge is granted; or
(2) under subsection (d)(2) or (d)(3) of this section before the later of—
(A) one year after the granting of such discharge; and
(B) the date the case is closed.

Of the 12 grounds listed in § 727(a) for denial of discharge, the Defendant:

    1.    The Defendant is an individual (however, this alone is not grounds for denial discharge, it merely provides that the debtor must be an individual and not an entity that would not receive a discharge under Chapter 7 of the Bankruptcy Code anyway);

    2.    The Defendant has not, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, transferred, removed,

destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed: (a) property of the debtor, within one year before the date of the filing of the petition; or (b) property of the estate, after the date of the filing of the petition;

3. The Defendant has not concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case;

4. The Defendant has not knowingly and fraudulently, in or in connection with the case: (a) made a false oath or account; (b) presented or used a false claim; (c) gave, offered, received, or attempted to obtain money, property, or advantage, or a promise of money, property, or advantage, for acting or forbearing to act; or (d) withheld from an officer of the estate entitled to possession under this title, any recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs;

5. The Defendant has not failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities;

6. The Defendant has not refused, in the case: (a) to obey any lawful order of the court, other than an order to respond to a material question or to testify; (b) on the ground of privilege against self-incrimination, to respond to a material question approved by the court or to testify, after the debtor has been granted immunity with respect to the matter concerning which such privilege was invoked; or (c) on a ground other than the properly invoked privilege against self-incrimination, to respond to a material question approved by the court or to testify;

7. The Defendant has not committed any act specified in paragraph (2), (3), (4), (5), or (6) of this subsection, on or within one year before the date of the filing of the petition, or during the case, in connection with another case, under this title or under the Bankruptcy Act, concerning an insider;

8. The Defendant has not been granted a discharge under this section, under section 1141 of this title, or under section 14, 371, or 476 of the Bankruptcy Act, in a case commenced

1. within 8 years before the date of the filing of the petition;

2. 9. The Defendant has not been granted a discharge under section 1228 or 1328 of this title, or under section 660 or 661 of the Bankruptcy Act, in a case commenced within six years before the date of the filing of the petition, unless payments under the plan in such case totaled at least: (a) 100 percent of the allowed unsecured claims in such case; or (b)(i) 70 percent of such claims; and (ii) the plan was proposed by the debtor in good faith, and was the debtor's best effort;

10. The Defendant has not submitted, nor has the Court approved a written waiver of discharge executed by the debtor after the order for relief under this chapter;

11. The Defendant has completed an instructional course concerning personal financial management described in section 111. See ECF No. 21; and

12. The Court has not held a hearing regarding making a finding, or made a finding that there is reasonable cause to believe that: (a) (12) the court after notice and a hearing held not more than 10 days before the date of the entry of the order granting the discharge finds that there is reasonable cause to believe that: (a) section 522(q)(1) may be applicable to the debtor; and (b) there is pending any proceeding in which the debtor may be found guilty of a felony of the kind described in section 522(q)(1)(A) or liable for a debt of the kind described in section 522(q)(1)(B). See Declaration of Sarah Piper.

Accordingly, in addition to being untimely filed, Plaintiff's filing of the Complaint under § 727(c), (d), and (e) are frivolous and unsupported by any evidence.

Rule 4004(b) provides:

> (b) Extension of Time.
> (1) On motion of any party in interest, after notice and hearing, the court may for cause extend the time to object to discharge. Except as provided in subdivision (b)(2), the motion shall be filed before the time has expired.
> (2) A motion to extend the time to object to discharge may be filed after the time for objection has expired and before discharge is granted if (A) the objection is based on facts that, if learned after the discharge, would provide a basis for revocation under § 727(d) of the Code, and (B) the movant did not have knowledge of those facts in time to permit an objection. The motion shall be filed promptly after the movant discovers the facts on which the objection is based

The Complaint Deadline was April 9, 2018. The Plaintiff did not file his Complaint until May 7,

2018. The Plaintiff failed to file a timely motion requesting an extension of time to object to discharge prior to expiration of the Complaint Deadline. In addition, Plaintiff has not made any allegations that he became aware of any new facts not previously known prior to the expiration of Complaint Deadline that would provide a basis for revocation under § 727(d) of the Code.

**B.    Plaintiff did not timely serve the Summons or the Complaint.**

Fed.R.Bankr. P. 7004(a) provides:

> (a) Summons; Service; Proof of Service.
> (1) Except as provided in Rule 7004(a)(2), Rule 4(a), (b), (c)(1), (d)(1), (e)–(j), (l), and (m) F.R.Civ.P. applies in adversary proceedings. Personal service under Rule 4(e)–(j) F.R.Civ.P. may be made by any person at least 18 years of age who is not a party, and the summons may be delivered by the clerk to any such person.

Fed.R.Bankr. P. 7004 states that the Fed.R.Civ. P. are applicable in adversary proceeding, including Fed.R.Civ. P. 4, which provides:

> (c) Service.
> (1) In General. A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service.
>
> ....
>
> (l) Proving Service.
> (1) Affidavit Required. Unless service is waived, proof of service must be made to the court. Except for service by a United States marshal or deputy marshal, proof must be by the server's affidavit.
>
> ....
>
> (m) Time Limit for Service. If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1), or to service of a notice under Rule 71.1(d)(3)(A).

Fed.R.Bankr. P. 7004 (e) provides:

> (e) Summons: Time Limit for Service Within the United States. Service made under Rule 4(e), (g), (h)(1), (i), or (j)(2) F.R.Civ.P. shall be by delivery of the summons and complaint within 7 days after the summons is issued. If service is by any authorized form of mail, the summons and complaint shall be deposited in the mail within 7 days after the summons is issued. If a summons is not timely

delivered or mailed, another summons shall be issued and served. This subdivision does not apply to service in a foreign country.

Fed.R.Civ. P. 4(c)(1) requires a Summons to be served on the Defendant with a copy of the Complaint within the time constraints set forth by Fed.R.Civ. P. 4(m).

Fed.R.Civ. P. 4(m) requires that the time for service upon the Defendant be within 90 days after the Complaint is filed. However, the Plaintiff may request additional time for service if good cause can be shown for granting of the extension. Ignorance of the rules is not generally considered good cause, no other good cause exists since Defendant was served by mail on August 23, 2018 at her address of records, and her address has been and still is readily available, so any request (which, to date has not been made) by Plaintiff for an extension to serve the Defendant in this case should not be granted.

In addition, Fed.R.Bankr. P. 7004(e) sets the deadline to serve the Summons and Complaint to within 7 days after the Summons is issued. The Summons in this adversary case was issued by the Court on May 7, 2018 and was served by mail along with a copy of the Complaint to the Defendant on August 23, 2018, which is approximately 118 days after the Summons was issued. Alth Fed.R.Civ. P. 4(m) provides a method for the Plaintiff to extend the time to serve a Complaint and Fed.R.Bankr. P. 7004(e) sets forth information allowing the Plaintiff to request the issuance of another Summons to replace the "stale" Summons, the Plaintiff chose to do neither, and instead, served the Defendant at 118 days after the filing of the Complaint and issuance of the Summons.

Fed.R.Civ. P. 4(l)(1) requires a sworn Affidavit Of Service to be filed by the server. The Plaintiff has not yet filed an Affidavit Of Service. However, the date stamp on the envelope used to serve the Defendant indicates that the service date of the Complaint and Summons was August 23, 2018. See Declaration of Sarah Piper. Because no Affidavit Of Service has been filed, the Defendant is uncertain if the Plaintiff complied with Fed.R.Bankr. P. 7004(g), which requires service to also be made on the debtor's attorney.

Accordingly, the Complaint should be dismissed with prejudice.

///

## CONCLUSION

Based upon the foregoing, the Defendant requests that this Court grant this Motion To Dismiss Adversary Proceeding With Prejudice and dismiss this Adversary action with prejudice. In addition, Defendant request a waiver of LR 9021(b)(1). A copy of the proposed Order Regarding Motion To Dismiss Adversary Proceeding With Prejudice is attached hereto as **Exhibit1**.

Dated this 31st day of August, 2018.

*/s/ Sarah Piper*
_____
Sarah Lynn Piper
350 Deauville Street
Las Vegas, Nevada 89106
Telephone: (702) 355-9095
E-Mail: DooneyChick@gmail.com
In Proper Person

## CERTIFICATE OF SERVICE

I caused foregoing Motion To Dismiss Adversary Proceeding With Prejudice on August 31, 2018, by the following means by First Class United States Mail, postage fully prepaid to:

Adam K. Peterson
3517 Perching Bird Lane
North Las Vegas, Nevada 89084

**I declare under penalty of perjury that the foregoing is true and correct.**

Dated this 31st day of August, 2018.

_____
Sarah Lynn Piper

# EXHIBIT 1

Sarah Lynn Piper
350 Deauville Street
Las Vegas, Nevada 89106
Telephone: (702) 355-9095
E-Mail: DooneyChick@gmail.com
In Proper Person

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| In re: | Case No. BK-S-18-10115-MKN |
|---|---|
| SARAH PIPER, | Chapter 7 |
| Debtor. | Adversary No. 18-01049-MKN |
| ADAM K. PETERSON, | **ORDER REGARDING MOTION TO DISMISS ADVERSARY PROCEEDING WITH PREJUDICE** |
| Plaintiff, | |
| v. | |
| SARAH LYNN PIPER, | Hearing Date: October 3, 2018 |
| Defendant. | Hearing Time: 9:30 a.m. |

The Motion To Dismiss Adversary Proceeding With Prejudice ("Motion")[1] having come before this Court for decision on October 3, 2018; Sarah Piper, Defendant appearing In Proper Person for the limited purpose of filing the Motion, all other appearances having been made on the record; the Court having made its findings of fact and conclusions of law on the record which are incorporated herein pursuant to Federal Rules of Bankruptcy Procedure 9014(c) and 7052; and good and sufficient cause appearing therefore, it is hereby

**ORDERED** that the Motion To Dismiss Adversary Proceeding With Prejudice is

---

[1] Unless otherwise defined herein, all capitalized terms have the meanings ascribed them in the Motion.

- 1 -

1  **GRANTED;** and it is further

2  **ORDERED** that this Adversary proceeding is dismissed with prejudice and all hearings

3  and deadlines related to this matter are vacated.

4  Submitted by:                                           APPROVED/DISAPPROVED

5

6  _____        _____
   Sarah Lynn Piper                                        Adam K. Peterson
7  350 Deauville Street                                    3517 Perching Bird Lane
   Las Vegas, Nevada 89106                                 North Las Vegas, Nevada 89084
8  Telephone: (702) 355-9095                               Telephone: 702-742-2628
   E-Mail: DooneyChick@gmail.com                           Email: APLV@ProtonMail.com
9  Defendant In Proper Person                              Plaintiff In Proper Person

10

11                                  **RULE 9021 CERTIFICATION**

12  In accordance with LR 9021, counsel submitting this document certifies that the Order

13  accurately reflects the court's ruling and that (check one):

14  ☐   The court has waived the requirement set forth in LR 9021 (b)(1).

15  ☐   No party appeared at the hearing or filed an objection to the motion.

16  ☐   I have delivered a copy of this proposed order to all counsel who appeared at the hearing,

17      and any unrepresented parties who appeared at the hearing, and each has approved or

18      disapproved the order, or failed to respond, as indicated above.

19  ☐   I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order

20      with the motion pursuant to LR 9014(g), and that no party has objected to the form or

21      content of the order.

22

23  _____
    Sarah Piper
24

25                                              # # #

26

27

28